Filing # 45566542 E-Filed 08/23/2016 01:32:52 PM

```
                              IN THE CIRCUIT COURT OF THE 11th
                              JUDICIAL CIRCUIT IN & FOR MIAMI-
                              DADE COUNTY, FLORIDA

                              GENERAL JURISDICTION DIVISION

DIANA GONZALEZ,             :  CASE NO. 16-21933CA01
                            :
        Plaintiff,          :
                            :
vs.                         :
                            :
CG BRICKELL, LLC d/b/a      :
KOMODO, DAVID GRUTMAN and   :
JEFFREY CHODOROW,           :
                            :
        Defendants.         :  COMPLAINT
_____/
```

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of herself and other similarly situated current and former tipped employees ("Servers") who work and/or worked for Defendants (hereinafter collectively referred to as the "Employer") for minimum wage and overtime violations of the FLSA and for retaliation.

### A. INTRODUCTION TO THE FLSA VIOLATIONS

2.   Plaintiff (who worked as a Server for the Employer between 3/25/16 and 8/13/16) and the Servers work and/or worked for the Employer in Miami-Dade County, Florida in its Brickell restaurant called Komodo. As explained herein, Plaintiff and the

1



Servers are and/or were covered employees for purposes of the FLSA. Plaintiff's damages exceed the sum of $15,000.00, exclusive of fees, costs and interest.

3. For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

    a. The Employer paid Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

    b. The Employer keeps all of the extra-tips (the gratuity given by the customer above the 15% service charge) and/or illegally shares that extra-tip with non-tipped employees and/or employees who are not then working as tipped employees;

    c. The Employer required that Servers perform work and non-tipped work for free and/or at a reduced hourly wage despite the fact that they were doing work and/or non-tipped work;

    d. The Employer required that Servers purchase and maintain work uniforms at their own cost; and

    e. The Employer failed to pay Servers for all of their actual work time in violation of the FLSA.

## B. THE EMPLOYER

4. The Employer is subject to the FLSA and is within the jurisdiction of this Court. Defendants DAVID GRUTMAN and JEFFREY CHODOROW are owners and officers of Defendant CG BRICKELL, LLC and

control the terms and conditions of Plaintiff's and the Servers' work, including but not limited to the minimum wage and overtime violations alleged herein.

5. The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce. Moreover, the Employer's employees, including Plaintiff and the Servers, handled, sold, or otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.). As such, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

6. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

7. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce. Specifically, for every shift that Plaintiff and the Servers worked for the Employer, they dealt with credit card transactions going over state lines from customers, they served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and they served alcohol, food and food related products that came from other states. As such, based on the above, Plaintiff and the Servers were engaged in interstate commerce.

C.   VENUE & JURISDICTION

9. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated

4

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

10. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

11. By reason of their employment with the Employer, Plaintiff and Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiffs and Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiffs and Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

12. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

13. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-12 above.

14. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and Servers

5

actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in a minimum wage violation.

15. As a result of the Employer's acts as described at ¶14 above, Plaintiffs' and Servers' hourly wages were below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

16. Plaintiff and Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work.

17. As a result of the Employer's acts as described above, Plaintiff's and Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

18. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff and Servers in accordance with the FLSA.

19. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of

the FLSA. As a result of the Employer's willful disregard of the FLSA, Plaintiff and Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## RECOVERY OF OVERTIME VIOLATIONS
## AGAINST THE EMPLOYER

20. Plaintiff and the Servers readopt and reallege all allegations contained in ¶¶ 1-12 above.

21. The Employer failed to pay for all and/or any of Plaintiff's and the Servers' overtime hours in violation of the FLSA.

22. The Employer failed to account for any and/or all of Plaintiff's and the Servers' work hours and/or reduced their recorded work hours to avoid having to pay overtime pay.

23. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiff and Servers in accordance with the FLSA.

24. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA. As a result of the Employer's willful disregard of the FLSA, Plaintiff and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their overtime hours worked at the applicable overtime rate, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT III
## CLAIM OF RETALIATION AGAINST THE EMPLOYER

25. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-12 above.

26. Shortly before she was fired, Plaintiff complained to the Employer's management regarding its violations of the FLSA as alleged at Counts I and II.

27. In response to Plaintiff's complaints as provided above, the Employer fired Plaintiff.

8

28. Based on ¶27, the Employer violated 29 U.S.C. §215(a)(3) causing Plaintiff damages and Plaintiff is entitled to liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiff demands judgment against the Employer for their violation of 29 U.S.C. § 215(a)(3) for his damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## COUNT IV
## WORKERS COMPENSATION RETALIATION

29. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-2 & 12 above.

30. This is a claim by Plaintiff against Defendant CG Brickell, LLC (hereinafter "CG") for violations of §440.205, Fla. Stat. of Florida's Workers' Compensation Act (the "Act").

31. On or about July 17, 2016, Plaintiff, while working for CG, injured herself (e.g., slipped and fell) resulting in her needing medical attention (the "Injury"). The Injury is and was covered under the Act.

32. Plaintiff informed CG's management that she suffered the Injury as described in ¶31, that she needed medical attention and that she needed to see a doctor. CG filed a 1st Report of Injury

with its insurance carrier and the State of Florida for the Injury.

33. CG's Workers' Compensation insurance carrier's doctor treated Plaintiff for the Injury and allowed to her return to work with specific work restrictions (e.g., lifting restrictions). CG's management told Plaintiff that it didn't care about the medical restrictions and warned Plaintiff that her job was "on the line" for getting injured at work. After the Injury, CG ignored Plaintiff's medical restrictions causing Plaintiff to be re-injured and also looked for any reason to fire her.

34. On August 13, 2016, CG fired Plaintiff for the Injury and her demanding benefits that should have been provided to her under the Act without retaliation. CG's reason for firing Plaintiff was entirely pretextual.

35. CG has a policy and practice of retaliating against those employees who experience injuries covered under the Act or who have the gall to ask for medical coverage and/or benefits otherwise available under the Act.

36. As a direct and proximate result of the events described in ¶¶ 30-35 above, CG retaliated against Plaintiff as provided by §440.205, Fla. Stat., causing damages to Plaintiff.

37. CG's conduct as described at ¶¶ 30-36 was intentional, willful, and a malicious in violation of §440.205, Fla. Stat.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding her all such legal, equitable, and monetary relief (including psychological/emotional damages/harm) as will effectuate the purpose of the Act and which are available under the Act, including but not limited to reinstatement with retroactive pay and benefits, Plaintiff's costs and all other damages and/or remedies available pursuant to the Act.

## COUNT V
## PLAINTIFF's BREACH OF AGREEMENT CLAIM AGAINST CG

38. The allegations of ¶¶ 1-2 & 12 above realleged and incorporated herein by reference.

39. This is a claim for owed wages by Plaintiff against CG.

40. At the time of hire, CG verbally agreed to pay Plaintiff her owed wages based on the 15% service charge imposed on its customers for all food and drink and to pay all extra-tips (any amount paid by customers above the service charge) directly to her without deductions except for credit card charges (i.e., 2%).

41. During the course of Plaintiff's employment with CG, she asked CG's management numerous times for specific dollar sales

figures to determine if she was receiving the correct amount of wages since her take home pay did not fluctuate despite substantial fluxuations of sales at work. In addition, Plaintiff overheard several conversations with CG's management discussing the distribution of funds that were not paid to Servers and Bartenders, like Plaintiff, from CG's sales.

42. At the time that CG fired Plaintiff, it failed and refused to pay Plaintiff her owed wages as provided above resulting in Plaintiff being damaged. Plaintiff, however, fully performed her side of the agreement by working shifts for CG as directed by it on her work schedule which generated sales for CG which allowed it to impose a service charge on such customers.

WHEREFORE, Plaintiff demands judgment against CG for her damages, interest, pre-judgment interest, costs, attorney fees pursuant to §448.08, Fla. Stat., and any other relief this Court deems just and proper.

## COUNT VI
## PLAINTIFF's EPA
## CLAIM AGAINST CG

43. The allegations of ¶¶ 1-2 & 12 above realleged and incorporated herein by reference.

44. This is a claim by Plaintiff against CG for its violations of 29 U.S.C §206(d)(1) of the Equal Pay Act (the "EPA").

45. While employed by CG as a Server, Plaintiff (who is female) performed substantially the same work as the male Servers.

46. CG's preference for male Servers is demonstrated by its hiring and employment of 4 female Servers and 14 male Servers.

47. Female Servers, like Plaintiff, are relegated to work on the patio or small sections while their male counterparts work indoors, on the larger sections and are assigned large parties.

48. When Plaintiff questioned CG's management about these practices as provided above she was told that CG does not believe that female Servers are "strong enough" to work in large sections or on large parties.

49. Based on the above, Plaintiff is paid less than male Servers.

WHEREFORE Plaintiff requests that she be awarded all damages and/or relief available to her under the EPA, including interest, fees and costs, and any other available relief.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I-VI.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
3126 Center St.
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com
scheduling_ljmpa@comcast.net

Filing # 46741216 E-Filed 09/21/2016 02:43:40 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DIANA GONZALEZ,   CASE NO. 16-21933 CA 06

    Plaintiff,

v.

CG BRICKELL, LLC d/b/a KOMODO,
DAVID GRUTMAN and JEFFREY CHODOROW,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The defendants, CG Brickell, LLC d/b/a Komodo, David Grutman and Jeffrey Chodorow ("Defendants"), move for an enlargement of time to respond to the Complaint filed by the plaintiff, Diana Gonzalez ("Plaintiff") and, in support, states as follows:

1. Plaintiff's Complaint was served on Defendant on September 1, 2016.

2. The response to the Complaint is currently due on September 21, 2016.

3. Due to recent travel and the press of other litigation, Defendant requires a two-week extension of time, through October 5, 2016, within which to respond to the Complaint.

4. Defendants' counsel has attempted to confer with Plaintiff's counsel regarding the subject of this motion, and to date has not yet received a response.

5. This enlargement is sought in good faith and not for purposes of delay. Moreover, this enlargement does not prejudice any party, nor will it delay the trial of this matter.



EXHIBIT B

**WHEREFORE,** Defendants respectfully request that the Court grant an enlargement of time, through October 5, 2016, for Defendants to serve their response to Plaintiff's Complaint.

Date: September 21, 2016

Respectfully submitted,

By: /s/ David A. Buchsbaum
David A. Buchsbaum
Fla. Bar No. 117961
dbuchsbaum@fisherphillips.com
Fisher & Phillips LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on **September 21, 2016,** I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME** to be served on the following individual, either via transmission of Notice of Electronic Filing generated by the *Florida's E-Filing Portal* or by United States Mail for those counsel or parties who are not authorized to receive electronically filed pleadings in this action to the parties listed below:

> Lawrence J. McGuinness, Esquire
> McGuinness & Gonzalez, P.A.
> 3126 Center Street
> Coconut Grove, Florida 33133
> ljmpalaw@netzero.com
> scheduling_ljmpa@comcast.net

/s/ David A. Buchsbaum

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DIANA GONZALEZ,   CASE NO. 16-21933 CA 06

    Plaintiff,

v.

CG BRICKELL, LLC d/b/a KOMODO,
DAVID GRUTMAN and JEFFREY CHODOROW,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT

THIS CAUSE came before the Court upon Defendants' Unopposed Motion For Enlargement of Time, and the issues having been duly considered and the Court having otherwise been duly advised and informed,

It is hereby **ORDERED AND ADJUDGED**;

That the Enlargement of Time is **GRANTED**. Defendants shall respond to Plaintiff's Complaint on or before October 5, 2016.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 09/23/16.

_____
SAMANTHA RUIZ COHEN
CIRCUIT COURT JUDGE

No Further Judicial Action Required on **THIS MOTION**
CLERK TO **RECLOSE** CASE **IF** POST



EXHIBIT C

## JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
    Lawrence J. McGuinness, Esquire