UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24173-CIV-ALTONAGA/O'Sullivan

DIANA GONZALEZ,

   Plaintiff,

v.

CG BRICKELL, LLC d/b/a KOMODO,
DAVID GRUTMAN and JEFFREY CHODOROW,

   Defendants.
   _____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, CG Brickell, LLC d/b/a Komodo ("Komodo"), David Grutman ("Grutman"), and Jeffrey Chodorow ("Chodorow") (collectively referred to as "Defendants") file their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, Diana Gonzalez ("Plaintiff"), as follows:

**ANSWER**

1.   Defendants admit that Plaintiff purports to bring an action for minimum wage and overtime violations pursuant to the Fair Labor Standards Act ("FLSA") on behalf of herself and other similarly situated current and former tipped employees. However, Defendants deny that Plaintiff has properly brought this action, that they have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff or any other employee or former employee of Komodo is entitled to any relief whatsoever.

2.   Defendants admit that Plaintiff worked for Komodo in Miami-Dade County, Florida as a Server and that Plaintiff is a covered employee for purposes of the FLSA.

Defendants further admit that Plaintiff purports to bring an action seeking damages exceeding $15,000.00, exclusive of interest, fees, and costs. However, Defendants deny that Plaintiff has properly brought this action, that they have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff or any other employee or former employee of Komodo is entitled to any relief whatsoever.

3. Denied.

4. Defendants admit that Komodo is subject to the FLSA and is within the jurisdiction of the Court.

5. Denied.

6. Defendants admit only that Komodo's gross annual income exceeds $500,000 per annum and it employs two or more employees engaged in interstate commerce. Defendants deny the remaining allegations in paragraph 6 of the Complaint. To the extent that paragraph 5 of the Complaint asserts legal conclusions, no response is required.

7. Defendants admit that Plaintiff purports to bring this action on behalf of herself and others similarly situated seeking to recover compensation for alleged minimum wage violations, liquidated damages, costs and attorneys' fees, pursuant to the Fair Labor Standards Act ("FLSA"). However, Defendants deny that Plaintiff has properly brought this action, that they have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff or any other employee or former employee of Komodo is entitled to any relief whatsoever.

8. Paragraph 8 does not require an answer because it makes no allegations of fact.

9. Defendants admit that Plaintiff was employed by Komodo and that Komodo is an enterprise engaged in commerce. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff purports to bring this action on behalf of herself and others similarly situated seeking to recover compensation for alleged minimum wage violations, liquidated damages, costs and attorneys' fees, pursuant to the Fair Labor Standards Act ("FLSA"). However, Defendants deny that Plaintiff has properly brought this action, that they have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff or any other employee or former employee of Komodo is entitled to any relief whatsoever.

11. Defendants admit that Plaintiff was employed by Komodo which is an enterprise engaged in commerce. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. Denied.

## Count I - Recovery of Minimum Wage

13. Defendants re-allege and incorporate herein by reference, their responses to paragraphs 1-12 of the Complaint.

14. Denied.

15. Denied.

16. Paragraph 16 does not require an answer as it makes no allegations of fact. To the extent an answer is required, Defendants deny the allegations in paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

Defendants further deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 19 of the Complaint.

### Count II - Recovery of Overtime Violations

20. Defendants re-allege and incorporate herein by reference, their responses to paragraphs 1-12 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

Defendants further deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 24 of the Complaint.

### Count III - Retaliation

25. Defendants re-allege and incorporate herein by reference, their responses to paragraphs 1-12 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

Defendants further deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 28 of the Complaint.

### Count IV – Breach of Agreement against Komodo

29. Komodo re-alleges and incorporates herein by reference, its responses to paragraphs 1-2 and 12 of the Complaint.

30. Komodo admits that Plaintiff purports to bring a claim against it for owed wages. However, Komodo denies that Plaintiff has properly brought this action, that Komodo has engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff is entitled to any relief whatsoever.

31. Denied.

32. Denied.

33. Denied.

Komodo further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 42 of the Complaint.

### Count V – Equal Pay Act against Komodo

34. Komodo re-alleges and incorporates herein by reference, its responses to paragraphs 1-2 and 12 of the Complaint.

35. Komodo admits that Plaintiff purports to bring a claim against it for a violation of 29 U.S.C. § 206(d)(1) of the Equal Pay Act. However, Komodo denies that Plaintiff has properly brought this action, that Komodo has engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff is entitled to any relief whatsoever.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

Komodo further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 49 of the Complaint.

## JURY DEMAND

Defendants admit that Plaintiff demands a jury trial for all matters so triable as a matter of right.

## GENERAL DENIAL

Defendants deny each and every allegation not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the FLSA.

3. Plaintiff's claims are barred by the doctrines of estoppel and/or unclean hands.

4. Plaintiff's claims in Counts I and II are barred in whole or in part by exemptions, exclusions, and credits provided in Section 7(i) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 207(i) because Komodo is a retail establishment, Plaintiff was paid primarily on a commission basis, and Plaintiff earned more than time and one half the federal minimum wage for each hour worked in overtime weeks.

5. Every portion of Plaintiff's claims in Counts I, II, III, and V arising more than two years prior to the date upon which her Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

6. As to Counts I, II, III, and V, Plaintiff's claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or

6

omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

7. As to Counts I and II, Plaintiff's claims are barred by the provision of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiff belonged.

8. As to Counts I and II, Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

9. As to Counts I and II, Plaintiff's claims are barred to the extent that she worked any unreported hours and did so in violation of company policy and/or concealed the facts from Komodo.

10. As to Counts I, II, and IV, Plaintiff has been paid in full relative to her alleged employment.

11. As to Count III, Plaintiff's retaliation claim is barred, in whole or in part, on the grounds that all actions with regard to Plaintiff's employment were taken for legitimate, non-retaliatory reasons.

12. As to Count III, Plaintiff's retaliation claim fails, in whole and in part, because Komodo made all employment decisions regarding Plaintiff in good faith and without malice or reckless indifference to Plaintiff's rights.

13. As to Counts III and V, Komodo expressly denies that it or any employee under its supervision acted in any manner which violated Plaintiff's rights, including engaging in any unlawful actions toward Plaintiff. If Plaintiff's rights were violated by an employee of Komodo, such violation occurred outside the scope of employment and without the consent of Komodo. Komodo neither knew nor had reason to know of any such violation. Komodo did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

14. As to Count III, to the extent that Plaintiff has failed to mitigate her damages, Defendants are entitled to a set-off of the amounts which Plaintiff earned or could have earned through reasonable efforts.

15. As to Count III, Plaintiff's retaliation claim is barred to the extent that Plaintiff has failed to mitigate adequately any claim for back pay or other damages.

16. As to Count V, all actions regarding Plaintiff's compensation were taken for lawful, legitimate business reasons.

17. As to Count V, all actions regarding Plaintiff's compensation were wholly unrelated to Plaintiff's sex.

18. As to Count V, Plaintiff's claims are barred to the extent that differences in pay between Plaintiff's pay and the pay of any similarly situated male, if any, were justified by a seniority system, a merit system, a system which measures earnings by quality or quantity of production and/or a differential based on any factor other than sex.

19. Plaintiff's claims against Defendants are frivolous both in factual foundation and legal substance, and Defendants are entitled to an award of their costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

20. Defendants reserve the right to move the Court to allow them to assert additional defenses which may become apparent through discovery.

WHEREFORE, Defendants assert that Plaintiff should take nothing in this action, and that Defendants should recover their costs and reasonable attorneys' fees in this matter, together with such other relief as the Court deems just and proper.

Date:  November 18, 2016                                   Respectfully submitted,


                By:   */s/David A. Buchsbaum*
                   David A. Buchsbaum
                   Fla. Bar No. 117961
                   dbuchsbaum@fisherphillips.com
                   Abigail H. Kofman
                   Fla. Bar No. 0017865
                   akofman@fisherphillips.com
                   Fisher & Phillips LLP
                   450 East Las Olas Boulevard
                   Suite 800
                   Fort Lauderdale, Florida 33301
                   Telephone (954) 525-4800
                   Facsimile (954) 525-8739

                   *Attorneys for CG Brickell, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **November 18, 2016**, I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

      /s/David A. Buchsbaum
David A. Buchsbaum
Fla. Bar No. 117961
dbuchsbaum@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for CG Brickell, LLC*

## SERVICE LIST

**United States District Court – Southern District of Florida**
**Diana Gonzalez v. CG Brickell, LLC d/b/a Komodo, David Grutman**
**and Jeffrey Chodorow**
**Case No. 16-24173-CIV-ALTONAGA/O'Sullivan**

| | |
|---|---|
| Lawrence J. McGuinness<br>ljmpalaw@netzero.com<br>scheduling_ljmpa@comcast.net<br>McGuinness & Gonzalez, P.A.<br>3126 Center Street<br>Coconut Grove, Florida 33133<br>Telephone (305) 448-9557<br>Facsimile (305) 448-9559<br><br>*Attorneys for Plaintiff* | David A. Buchsbaum<br>dbuchsbaum@fisherphillips.com<br>Abigail H. Kofman<br>akofman@fisherphillips.com<br>Fisher & Phillips LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Fort Lauderdale, Florida 33301<br>Telephone (954) 525-4800<br>Facsimile (954) 525-8739<br><br>*Attorneys for CG Brickell, LLC* |